■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN W. ASHBY, Appellant.— Motion for leave to prosecute appeal as a poor person granted.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWIN W. ASHBY, Appellant.— Appeal from order of Supreme Court, Ulster County, denying application to set aside judgment of conviction in dismissing petition for writ of error *coram nobis*. Defendant was convicted in Ulster County of perjury, second degree, on February 14, 1959, upon an indictment returned in the Supreme Court on December 11, 1958. The judgment of conviction was reversed here (9 A D 2d 464) but on reversal of this court by the Court of Appeals (8 N Y 2d 238) the judgment was reinstated. Application to the Supreme Court for writ of *coram nobis* was made July 22, 1960; and the writ has been denied. The basis for the writ, as alleged in the petition, is that the indictment was based on testimony given before the Grand Jury on two occasions, October 2 and October 27, 1958; and that at those hearings defendant was "a target of the investigation" in which the Grand Jury was then engaged; that he was compelled to testify on both occasions; that this was an invasion of his constitutional rights; and that therefore he could not be charged with perjury as the result of testimony on either appearance because the oath administered to him "was void 'and a nullity." The conviction for perjury, second degree, resulted from inconsistency between the testimony given by defendant at the two different hearings before the Grand Jury. (See 9 A D 2d 466, 467.) We go directly to the availability of the writ of error *coram nobis* to reach this question. We hold that it is not available. Although the precise limits of the writ of *coram nobis* have not been fully defined (FULD, J., concurring in *People* v. *Sullivan*, 3 N Y 2d 196, 200) it is reasonably clear that the right to it usually rests upon the need to provide a remedy against injustice not otherwise available to the defendant in the criminal action against him. The petition in this case makes it clear that the invasion of constitutional rights of which defendant complains is not an infirmity or irregularity in the procedure followed in this criminal action against him. Nothing was concealed, or placed in the action beyond his reach or ability to assert and litigate. He complains, rather, that his constitutional rights were invaded in the very substance of the crime; that when he testified in two different ways no crime was committed because no valid oath could have been administered to him since he was the "target" or object of the investigation in the matter in which the oath was administered. This is another way of saying that as a matter of fact and of law the crime had not been committed and that defendant should have been discharged at the trial of this indictment. The infirmities in the constituent elements of the crime were fully known to the defendant and his counsel when the case was tried, and the substantive issue whether the crime was or was not committed must necessarily have been raised upon the trial of the question whether he could or could not have been guilty as a matter of fact and law. The writ of error *coram nobis* does not lie. Order unanimously affirmed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS CORCORAN, Appellant.— Motion for reargument of decision denying assignment of counsel. Motion denied.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD E. KING, Appellant.— Application of Walter J. Wiggins, Esq., in which the appellant joins, to be relieved of his assignment as counsel. Application granted, for the reasons stated in the application, and Michael Lo Pinto, Esq., of Ithaca, New York is assigned as counsel to prosecute the appeal.

■ In the Matter of the Claim of PETER AMATO, Respondent, v. R. R. HEYWOOD Co., INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COM-